UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHAWN PORTMAN,<br><br>                Plaintiff,<br><br>    v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, WASHINGTON FEDERAL INC., and WASHINGTON FEDERAL SAVINGS AND LOAN ASSOCIATION,<br><br>                Defendants. | CASE NO. C10-1969 MJP<br><br>ORDER ON MOTION TO DISMISS AND MOTION TO WITHDRAW |

This matter comes before the Court on Defendants Washington Federal Inc.'s and Washington Federal Savings and Loan Association's motion to dismiss (together "Washington Federal") (Dkt. No. 14) in which Defendant Federal Deposit Insurance Corporation ("FDIC") joins (Dkt. No. 29), and Plaintiff's counsel's motion to withdraw (Dkt. No. 18).  Having reviewed the motions, the response (Dkt. No. 25), the reply (Dkt. No. 27), and all related papers, the Court GRANTS the motion to dismiss and GRANTS Plaintiff's counsel's motion to withdraw.

ORDER ON MOTION TO DISMISS AND
MOTION TO WITHDRAW- 1

**Background**

Plaintiff Shawn Portman is the guarantor for several loans obtained from Horizon Bank. On May 9, 2006, Portman signed a guarantee for a loan obtained by W.M. I. LLC from Horizon Bank for the purchase of a piece of property called Red Hawk. (Complaint ¶ 3.2.) W.M. I obtained a renewal of the loan on November 28, 2007. (¶ 3.8.) On June 29, 2009, Horizon told Portman that the renewed loan was in default. (¶ 3.18.) Earlier, on March 3, 2009, Washington State Department of Financial Institutions and the FDIC jointly began close oversight of Horizon Bank, fearing it was on the brink of collapse. (¶ 3.13.) On September 30, 2009, Horizon obtained a new appraisal of the Red Hawk property, which placed the value at $1.26 million, a decline of $3.28 million over the previous appraisal. (¶ 3.20.) Horizon began foreclosure proceedings on the Red Hawk property and scheduled the trustee's sale of for January 8, 2010. (¶ 3.21.) However, on January 8, 2010, before the sale took place, the Washington State Department of Financial Institutions closed Horizon and placed it into FDIC receivership, halting the sale temporarily. (¶ 3.23.) The FDIC sold essentially all of Horizon's assets to Washington Federal that same day. (¶ 3.24.) As purchaser of the assets, Washington Federal took ownership of the commercial guaranty from Portman. On February 19, 2010, Washington Federal foreclosed on the property. Washington Federal took possession of the land at a credit bid for roughly $1,159,000. (¶ 3.256.)

After the sale, there still remained a deficiency balance of over $4.8 million due and owing by Portman as the guarantor. On February 26, 2010, Washington Federal filed suit against Portman in Pierce County Superior Court seeking the deficiency balance. Portman filed a counterclaim seeking a declaratory judgment in the form of a determination of the fair value of

the property. He also asserts claims that there was a lack of consideration and that the waivers in the guaranty are void and unenforceable.

Separately, on April 14, 2010, Portman filed a proof of claim with the FDIC for several loans obtained from Horizon, including the Red Hawk loan. He alleges in the proof of claim that Horizon obtained an improper valuation of the land and that the disposition of the collateral was not reasonable. (Dkt. No. 1-1 at 3-4.) The FDIC denied the claims on October 8, 2010. Portman filed this action on December 7, 2010, alleging jurisdiction under the FDIC's claims process statute, 12 U.S.C. § 1821(d). He sues both the FDIC and Washington Federal. He alleges only one cause of action for declaratory relief that "Portman is entitled to (i) a fair value determination of the Collateral pursuant to RCW Chapter 61.24, based upon the facts alleged in this Complaint; and (2) based on the same facts, a determination that Defendants' disposition of the Collateral was not reasonable." (Compl. ¶ 4.2 (this is the second paragraph titled ¶ 4.2, which the Court believes should be ¶ 4.3).)

Washington Federal seeks dismissal of this action, which it believes is Portman's attempt to forum shop the very same counterclaim Portman pursues in state court. At the same time, Portman's counsel seeks leave to withdraw.

**Analysis**

A.  Motion to Dismiss

Washington Federal asks the Court to dismiss the claims against it and the FDIC or, in the alternative, to stay the action. Although the Court has jurisdiction over the claims, it DISMISSES the action in the interest of comity.

    1.  Jurisdiction exists

ORDER ON MOTION TO DISMISS AND
MOTION TO WITHDRAW- 3

1    Portman correctly asserts the Court has jurisdiction over his appeal of the FDIC's denial

2 of his proof of claim.

3    In order to bring suit against the FDIC for a claim related to a bank in receivership, the

4 party must first file a proof of claim against the FDIC. 12 U.S.C. § 1821(d)(5). If the FDIC

5 denies the claim, the party may appeal the denial by filing suit in the district court in which the

6 failed bank resided. 12 U.S.C. § 1821(d)(6)(A). Portman is entitled to bring this action because

7 he has filed and received a denial of his proof of claim. The Court has jurisdiction over any

8 claims against the FDIC. See also 12 U.S.C. § 1819. Portman's request for a declaration that the

9 fair value of the Red Hawk property was unreasonable at least in part involves the FDIC as

10 receiver for Horizon, as Horizon was responsible for the property valuation prior to the

11 foreclosure sale. Jurisdiction is proper as to the FDIC

12    Jurisdiction as to Washington Federal is asserted only under the Court's supplemental

13 jurisdiction, 28 U.S.C § 1367. As the Court explains below, it declines to exercise supplemental

14 jurisdiction over the claims against Washington Federal.

15        2.      Dismissal is Proper

16    Washington Federal argues the Court should dismiss or stay the action because Portman's

17 requested declaratory relief overlaps with the pending state proceeding. Washington Federal is

18 correct. The Court DISMISSES with prejudice the claims against Washington Federal, and

19 DISMISSES without prejudice the claims against the FDIC.

20    Even where the Court has federal subject matter jurisdiction, it may chose to decline

21 jurisdiction where the relief is sought only under the Declaratory Judgment Act. See Am. Cas.

22 Co. v. Krieger, 181 F.3d 113, 1118 (9th Cir. 1999). Here, the relief sought is only declaratory,

23 making the Act and that rule applicable. 28 U.S.C. § 2201. In this situation, the district court

24

ORDER ON MOTION TO DISMISS AND
MOTION TO WITHDRAW- 4

1 has "no compulsion to exercise that jurisdiction" where parallel state court proceedings are
2 ongoing. Brillhart v. Excess Ins. Co. of Am., 316 U.S 491, 494 (1942). "Brillhart makes clear
3 that district courts possess discretion in determining whether and when to entertain an action
4 under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter
5 jurisdictional prerequisites." Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995). In weighing
6 whether to stay a case, the court is to consider whether the claims can "satisfactorily be
7 adjudicated" in state court. Id. The court should also consider avoiding "[g]ratuitous
8 interference" with the state court action. Id.

9     The Court does not find it proper to exercise jurisdiction over Portman's claims given the
10 considerations set forth in Brillhart and Wilton. As pleaded, Portman only seeks declaratory
11 relief from Defendants. Portman's claims are duplicative of those asserted as counterclaims in
12 the Pierce County litigation, making application of Brillhart straightforward. Portman seeks a
13 valuation of the Red Hawk land under the Washington Deed of Trust Act, RCW 61.24.100(5).
14 (Compl. ¶ 4.2.2.) Portman also claims an entitlement to a determination that "Defendants'
15 disposition of the Collateral was not commercially reasonable." (Id. at lines 14-15.) These
16 claims overlap with those asserted as counterclaims in Pierce County Superior Court. Moreover,
17 the relief Portman seeks in his complaint here is almost exclusively alleged against Washington
18 Federal, not the FDIC. The FDIC primarily appears to be a federal "hook" to bring Portman's
19 counterclaim into federal court. Given the fact that declaratory relief is sought where parallel
20 state court proceedings are ongoing, the Court finds it improper to exercise jurisdiction over the
21 action as pleaded. See Wilton, 515 U.S. at 282. The Court has no doubt that Portman's claims
22 as pleaded can be adjudicated in state court.

23

24

The claims against the FDIC are DISMISSED without prejudice. Given the many claims Portman raised in his proof of claim that are unrelated to the Red Hawk property, it is possible he can properly amend his complaint and assert claims that are not duplicative of any claims pending in state court. Portman must ensure that any new claims are not subject to current litigation in state or federal court. Any claims asserted against the FDIC related to the Red Hawk property dispute must be against the FDIC only, and cannot overlap with those pending in state court. Although the Court doubts whether amendment can be made, it grants Portman leave to file an amended complaint within 20 days of the date of this order.

The Court DISMISSES with prejudice the claims against Washington Federal, and Portman cannot pursue claims against it. The asserted claims must be adjudicated in state court only. As an alternative reason for dismissal, the Court refuses to exercise supplemental jurisdiction over the claims asserted against Washington Federal. 28 U.S.C. § 1367(c). The claims against Washington Federal predominate over those against the FDIC. They also involve disputed questions unique to state law that are presently being litigated in Pierce County Superior Court. As an alternative basis for dismissal, the Court declines to exercise supplemental jurisdiction.

B.  Motion to Withdraw

Plaintiff's counsel seeks leave to withdraw. The Court finds withdrawal proper.

An attorney must file a motion to for leave to withdraw from representation and file a certification that the client was served. Local Rule GR 2(g)(4)(A). "The attorney will ordinarily be permitted to withdraw until sixty days before the discovery cut off date in a civil case. . . ." Id. Washington Rules of Professional Conduct 1.16(b)(6) permits a lawyer to withdraw when "the representation will result in an unreasonable financial burden on the lawyer."
ORDER ON MOTION TO DISMISS AND
MOTION TO WITHDRAW- 6

1    Plaintiff's counsel is entitled to withdraw. Counsel filed a certification that the client was
2 served and explained that the prosecution of this case will result in an unreasonable financial
3 burden. Portman has not lodged any objection. Particularly given the early stages of this
4 litigation, the Court finds withdrawal proper and GRANTS the motion to withdraw. Portman
5 may of course obtain new counsel. Unless or until he does so, he shall appear pro se.

### Conclusion

7    The Court DISMISSES Portman's action against Washington Federal with prejudice.
8 Portman must litigate the claims presented in his complaint in Pierce County, where he already
9 has a counterclaim covering the same matters pending. The Court DISMISSES Portman's claim
10 against the FDIC without prejudice. Any newly pleaded claims cannot overlap with those
11 asserted in his counterclaim pending in Pierce County. Any amended complaint must be filed
12 within 20 days of the date of this order.
13    The Court GRANTS Portman's counsel's motion to withdraw. Portman now appears pro
14 se in this matter.
15    The clerk is ordered to provide copies of this order to Plaintiff and all counsel.
16    Dated this 11th day of April, 2011.

Marsha J. Pechman
United States District Judge